# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BARNEY A. GUARNERO,**
        Petitioner,

v.                                                      Case No. 05C0495

**RICHARD SCHNEITER,**
**Warden, Wisconsin Secure Program Facility,**
        Respondent.

## ORDER

On May 3, 2005, Barney Guarnero, a Wisconsin state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions of first-degree reckless homicide and first-degree reckless injury based on his pleas of guilty and for which he was sentenced to sixty years in prison. The state court of appeals summarized the facts of the case as follows:

> On December 2, 1996, Guarnero drove a minivan to an apartment building to pick up some acquaintances. A developmentally disabled adult male, David Cruz, and three teenage boys stood near the street in front of the apartment building. After Guarnero's acquaintances got into the van, he drove off. After driving only a short distance away, Guarnero turned the minivan around and drove back to the area in front of the apartment building, opened the driver's door, and shot four or five times at the four bystanders with his .357 magnum revolver. Guarnero told police later that he shot at the bystanders because he perceived an insult or threat when Cruz made a horizontal gesture with his arms. Guarnero told police that he pointed his weapon over the bystanders' heads because he only intended to make them duck. One of Guarnero's shots hit Cruz in the chest, killing him, and another hit one of the teenagers, William Medina, in the head, permanently paralyzing him from the neck down.

(Resp't's Mem. Ex. A at 2.)

After he was convicted, petitioner asked the circuit court to modify his sentence but the court denied his request. Petitioner then appealed, and on November 2, 1998, the state court of appeals affirmed the conviction. Petitioner did not seek review in the state supreme court.

On October 31, 2003, pursuant to Wis. Stat. § 974.06, petitioner filed a motion for post-conviction relief in the circuit court. The court denied the motion, and petitioner appealed. The state court of appeals affirmed, and petitioner sought review in the state supreme court, but on January 11, 2005, the court declined to hear the case.

Respondent now moves to dismiss the petition on the ground that it was untimely. Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a federal habeas corpus petition. The limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Respondent argues that § 2244(d)(1)(A) applies and that the one-year limitation period began to run on December 2, 1998, when petitioner's time to seek direct review expired. If respondent is correct, petitioner had until December 2, 1999 to petition for habeas corpus, and because he did not file until May 3, 2005, his petition is untimely.

Petitioner argues that § 2244(d)(1)(D) applies because he did not discover the factual predicate for his claims until July 2003 when his lawyer sent him various materials such as the police reports, which were part of the discovery in the case. He further argues that the time during which his § 974.06 motion was being considered by the state courts is excludable from the limitation period under § 2244(d)(2), and that his petition is therefore timely.

I conclude that § 2244(d)(1)(A) applies, and that petitioner's application is therefore untimely. Section 2244(d)(1)(D) gives defendants the benefit of a later start if vital facts could not have been known by the date the appellate process ended. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). In the present case, there are no vital facts that petitioner could not have discovered by the date the appellate process ended.

Petitioner's application for habeas relief is based on his claim that the lawyer who represented him at trial and on appeal, Michael Steinle, was ineffective. Although petitioner is not entirely clear, the factual predicate for his ineffective assistance claim seems to be that Steinle advised him to plead guilty even though he knew that petitioner had a meritorious defense of self-defense or imperfect self-defense. Petitioner states that Steinle knew "that the occupants of the mini-van witnessed David Cruz drawing a weapon and the weapon was taken off David Cruz's person by one of the other men once David Cruz had fallen to the ground." (Pet'r's Resp. in Opp'n to Mot. to Dismiss at 7.)

Petitioner's problem is that he could have discovered that Steinle was ignoring a meritorious self-defense claim before he pleaded guilty. This is so for several reasons. First, petitioner knew before he pleaded guilty whether or not he shot Cruz and Medina because he believed that Cruz had a weapon. Better than anyone else, including Steinle,

3

petitioner knew what led him to fire at Cruz and Medina. Second, petitioner could easily have obtained copies of the police reports or other discovery, which he somehow considers exculpatory, prior to entering his guilty plea. Nothing prevented him from asking for such reports. In sum, whatever petitioner now knows about a possible defense he could have known before he pleaded guilty. Thus, as in Owens, petitioner was not prevented from discovering the factual predicate of his claim well before the expiration of the time for direct review. Therefore, § 2244(d)(1)(A) applies, and petitioner's application is untimely.

Petitioner also claims that Steinle was ineffective in not petitioning for review in the state supreme court or advising petitioner of his right to do so. However, counsel's alleged failure in this regard is legally irrelevant because there is no constitutional right to the assistance of counsel in seeking discretionary third tier review. Owens, 235 F.3d at 359. Moreover, petitioner could have discovered his right to seek such review through the exercise of due diligence.

Therefore, for the reasons stated,

**IT IS ORDERED** that respondent's motion to dismiss is **GRANTED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 10 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge